IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | Criminal No.: 05-324 |
| : | Judge: Richard J. Leon |
| : | Date:04/27/07 2:30 p.m.-Status |
| TRACEY McGUIRE : | |
| : | |
| Defendant : | |

**MEMORANDUM IN AID OF STATUS HEARING**

COMES NOW, the Defendant, Tracey McGuire, by and through her attorney, JAMES N. PAPIRMEISTER, Esquire of the Law Offices of James N. Papirmeister, Esq., and in aid of defining the posture of the pending sentencing in this case, for the benefit of the Court, as well as the parties, in anticipation of the status hearing set on Friday, April 27, 2007, hereby submits the following:

1. The above-captioned case is scheduled for a status hearing on April 27, 2007 at 2:30 p.m. before the Honorable Richard J. Leon, in light of the forensic record review completed by the Bureau of Prisons(BOP), which was occasioned by a previous order of this Court requiring the BOP to consider the voluminous records and history of the Defendant's physical and mental health problems, and make a determination as to the suitability of housing the Defendant in a BOP facility.

2. That BOP review has resulted in an assessment that the Defendant would be a suitable candidate for FMC Carswell in Fort Worth, Texas.

3. This Court had correctly predicted in a chambers conference held prior to the previous sentencing hearing on

October 13, 2006, that Carswell is the only facility of which the Court was aware that could even be in a zone of possibility to be able to deal with the considerable physical and mental health issues suffered by Tracey McGuire. This Court emphatically indicated in the presence of the undersigned counsel and Assistant United States Attorney James G. Flood that Carswell would not be an appropriate venue at which Ms. McGuire should serve her sentence, because of the effects of her being so far away from her eleven year old son, as well as being away from her home in Prince George's County, Maryland, in light of the reports from her psychiatrist and the numerous other medical, psychiatric and psychological reports, and her highly structured treatment regimen at the Care Connection program.

    4. Nevertheless, the Court indicated it would give the Government an opportunity to have the Bureau of Prisons review all the medical and psychiatric and psychological material and provide a report back to the Court within thirty (30) days containing a BOP psychiatrist's opinion and detailed information on how Ms. McGuire would be treated within the BOP system. On October 23, 2006 this Court signed an order as such prepared by Mr. Flood.

    5. On January 19, 2007, the Government filed a Motion for an additional forty-five (45) days to comply with the October 23, 2006 Order, because of a "misunderstanding" of the Court's Order by the Special Assistant to the Assistant Director for Health Services in the BOP, the departure of Assistant United State's Attorney James G. Flood, and the need for this BOP evaluation to

be "substantive and meaningful", (all quotes are from Government's January 19, 2007 Motion). This Motion was granted by this Court, without an opposition thereto filed by the Defense.

6.  Dr. Laurence Greenwood, MD., Tracey McGuire's psychiatrist for well over a year, has prepared a report dated April 7, 2007, a copy of which is attached hereto, which updates the Court and the parties as to Tracey McGuire's current state. Dr. Greenwood has reviewed the BOP report. Tracey has had an additional 38 individual sessions with him plus 12 sessions in a weekly woman's group at the Care Connection program, on top of the 62 sessions reported as of August, 2006, and numerous additional sessions that she had as of October 13, 2006. Tracey attends Care Connection two to three hours a day, most every day during the week.

Dr. Greenwood indicates that there is some progress being made by Tracey, but she is still frequently psychotic, has changed her suicide method to swallowing pins and needles, and has had another epileptic seizure. She has been hospitalized since his last report at Psychiatric Institute of Washington and Southern Maryland Hospital psychiatric ward.

Dr. Greenwood concludes:

> Intensive therapy for the past year has almost certainly saved her life. Her dependency on treatment is laudable, but is not automatically transferable to another institution, in the way that physical medical care would be. She needs the treatment that I and the Care Connection program can provide. Her attachment to her son and her mother are important sustaining relationships. I am certain that separation from treatment and her family would result in her psychosis taking over and precipitating her suicide.
>
> I have reviewed the report provided by the prosecution, regarding the psychiatric

3

facilities available within the penal system. These facilities are likely adequate for management of most psychiatric illnesses, but Ms. McGuire's case is exceptional. As I mentioned previously, she is the most suicidal patient, who has not successfully committed suicide, whom I have cared for in my 35 years as a psychiatrist. The main reason for her suicidal risk, along with intangibles, is that she has a particularly malignant combination of psychotic illness and posttraumatic stress disorder. I believe it is generally well known that a person who is fully committed to suicide will succeed eventually, despite the best efforts of an institution. I am certain this would occur if she were incarcerated, because psychosis would take over without the current balancing forces of treatment and family support.

(Report of Dr. Laurence Greenwood, M.D., April 7, 2007).

7. Based on this Court's concerns and previously stated inclinations, the long and thoroughly documented history of severe mental and physical illness suffered by Tracey McGuire, and her current physical and mental health and family circumstances, we submit this case cries out as truly exceptional, warranting a sentence of probation with home monitoring, pursuant to the numerous guideline provisions, commentary and policy statements as well as 18 U.S.C § 3553(a) factors outlined in her Departure/Variance & Sentencing Memorandum.

Respectfully Submitted,

_____/s/_____
JAMES N. PAPIRMEISTER, ESQUIRE
ATTORNEY FOR DEFENDANT
DC BAR NO.: 421-366
8630 Fenton Street, Suite 320
Silver Spring, Maryland 20910
(301) 589-2100

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this _24th___ day of April, 2007, I faxed  and filed on ECF  a copy of the foregoing Memorandum in Aid of Status Hearing to Assistant United State's Attorney, Daniel P. Butler at 555 Fourth Street, NW, Room 5231, Washington DC, 20530.


                                _____/s/_____
                                JAMES N. PAPIRMEISTER, ESQUIRE
                                **ATTORNEY FOR DEFENDANT**