UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 05-324 (RJL) |
| | : | |
| v. | : | |
| | : | |
| TRACEY MCGUIRE, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S SUPPLEMENT TO ITS MEMORANDA
IN AID OF SENTENCING AND STATUS HEARING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, herewith submits this supplement to its memoranda in aid of sentencing and status hearing for defendant Tracey McGuire. The government previously, relevant to sentencing, filed a Memorandum in Aid of Sentencing (Document 16) and a Response to Defendant's Memorandum in Aid of Status Hearing (Document 25). The government does not intend to repeat those factual discussions and legal arguments here. Instead, the government files this memorandum to address the sentencing factors under 18 U.S.C. § 3553(a), especially as they might relate to defendant's proposal at the status hearing on April 27, 2007, that he would seek a departure to a probationary sentence, with placement of defendant at a private mental health facility, rather than incarceration at the Bureau of Prisons (hereinafter "BOP") Federal Medical Center (hereinafter "FMC"), Carswell.

**A. DISCUSSION**

Title 18, United States Code, Section 3553(a), provides numerous factors that the Court shall consider in sentencing a defendant. These factors are discussed below numbered as they are in Section 3553(a).

(1) The Court should consider the nature and circumstances of the offense. Here, the offense was a blatant misuse of position by defendant in stealing money from the commercial bank account of the dentist for whom she served as the *de facto* office manager. Furthermore, the theft was of a very large sum of money, that is, $221.562.75.

The Court should also consider the history and characteristics of the defendant. In this matter, defendant has two prior convictions in Virginia, one for fraud (disposition – 9/11/1990) and one for embezzlement (disposition – 2/1/1989).

(2) The Court should also consider the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence; (C) to protect the pubic; and (D) to provide defendant with appropriate education or vocational training, medical care, or other correctional treatment in the most effective manner. As to the factors in (A) above, in this matter, as discussed above, the offense was serious and requires adequate punishment. A sentence under the United States Sentencing Guidelines (hereinafter "USSG") of imprisonment at FMC, Carswell, would help reflect the seriousness of the offense, to promote respect for the law, and provide just punishment. *See* United States v. Dyce, 91 F.3d 1462, 1468 (D.C. Cir.), *cert. denied*, 519 U.S. 1018 (1996) ("like it or not, incarceration is our criminal justice system's principal method of punishment). A sentence involving a placement in a private facility as a condition of probation, as requested by defendant in her sentencing memorandum and memorandum in aid of status hearing, on the other hand, would not serve these purposes sufficiently.

As to the factor in (B) above, the sentence should also be of such a nature so as to deter others from engaging in similar conduct. Again, a sentence at FMC, Carswell, would help to deter

others, while a probationary sentence requiring placement at a private facility would not serve this purpose adequately.

As to the factor in (C) above, the sentence should also be of such a nature so as to protect the public from other criminal acts by defendant. The sentence here should protect the public from additional criminal acts by defendant, especially in light of the magnitude of this crime and defendant's history with similar crimes. A sentence of incarceration at FMC, Carswell, would remove her from the public and help satisfy this goal. An in-patient program might also do so, but likely with less guarantees of supervision of defendant.

As to the final consideration, that in (D) above, defendant does not appear to need further education or vocational training. She does, however, need medical care and other correctional treatment in the most effective manner. It is the government's position that this can be accomplished best at FMC, Carswell, the facility whose purpose and practice it is to house and treat prisoners like defendant. *See* United States v. Harpst, 949 F.2d 860, 863 (6th Cir. 1991) ("the Bureau of Prisons is legally charged with the responsibility of providing adequate facilities and programs for suicidal inmates. *See* 28 C.F.R. § 552.41 (1991)."); United States v. Studley, 907 F.2d 254, 259 (1st Cir. 1990) ("[a] defendant's unique mental or emotional condition is only relevant if the Bureau of Prisons does not have adequate treatment services. Adequate treatment services are 'services at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards.'" (citation omitted)). *See also* United States v. Derbes, 369 F.3d 579, 583 (1st Cir. 2004) ("BOP is by no means required to tailor a perfect plan for every inmate; while it is constitutionally obligated to provide medical services to inmates"). In this matter, as stated in the Forensics Record Review done by BOP (hereinafter "BOP Report") and provided to the

Court, it was the "professional opinion" of the Chief Psychologist and Chief Psychiatrist at FMC, Carswell, that their facility "is fully capable of treating a female defendant with Ms. McGuire's mental and physical conditions, providing monitoring and oversight on a day-to-day basis, and responding to her clinical conditions so as to minimize her risk for suicide while providing optimal treatment in a highly structured and controlled environment." BOP Report, at page 5. A private facility might be able to provide some of these services, but would not serve the other purposes of sentencing discussed above.

(3) The Court should consider the kinds of sentences available. The maximum term of imprisonment for this offense is 20 years, with a term of supervised release of 5 years, a fine of $250,000, and an order of restitution.

(4) The Court should also consider the sentencing range established by the USSG. As to these guidelines, as discussed in the prior government memoranda, defendant's Total Adjusted Offense Level for the offense is 15, her Criminal History category is I, and her USSG range is 18 to 24 months. Because the applicable guidelines range is in Zone D, defendant is not eligible for probation.

(5) The Court should consider any pertinent policy statement issued by the Sentencing Commission. Section 5H1.3 of the USSG provides that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted, except as provided in Chapter Five, Part K, Subpart 2 (Other Grounds for Departure)." Such mental or emotional conditions may be relevant, however, in determining conditions of probation or supervised release. USSG § 5H1.3.

Accordingly, if the Court imposes on defendant a period of incarceration, as required by the sentencing guidelines, then, for purposes of her conditions of supervised release, her mental and emotional conditions may become relevant.

(6) Moreover, the Court should consider the need to avoid unwarranted sentencing disparities among defendants with similar records. Here, a guidelines sentence would help prevent such disparities between defendant and similar defendants nationwide.

(7) Finally, the Court should consider the need to provide restitution. In this matter, an appropriate restitution order would require defendant to make the restitution to which she agreed in the plea agreement, that is, of $221,562.75.

## B. CONCLUSION

The government respectfully acknowledges that defendant has medical and psychological conditions that need to be addressed. BOP, however, through its facility and staff at FMC, Carswell, "is fully capable" of meeting her needs. Moreover, a sentence of imprisonment under the USSG at FMC, Carswell, appropriately would serve the other purposes of sentencing set forth in 18 U.S.C. § 3553(a), as were discussed above.[1]

For the foregoing reasons, as well as those set forth in the Government's Memorandum in Aid of Sentencing, Government's Response to Defendant's Memorandum in Aid of Status Hearing, and any that may be presented at a hearing on this matter, the government requests that the Court sentence defendant under the applicable USSG range of 18-24 months, but that she be sentenced at

---

[1] Furthermore, as the Court of Appeals for the District of Columbia Circuit has noted, "a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness." See United States v. Bras, ___ F.3d ___, 2007 WL 1158752, *3 (D.C. Cir. April 20, 2007) (*quoting* United States v. Dorcely, 454 F.3d 366, 376 (D.C. Cir. 2006)).

the low end of that range. For the reasons stated in the BOP Report, the government respectfully requests that the Court recommend defendant's placement at FMC, Carswell. Finally, the government requests that the Court order defendant to pay the restitution called for in the plea agreement.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        Bar No. 498610


        / s /
_____

        DANIEL P. BUTLER
        Assistant United States Attorney
        Bar No. 417718
        555 4th Street, NW, Room 5231
        Washington, D.C. 20530
        (202) 353-9431
        Daniel.Butler@USDOJ.Gov