IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

```
UNITED STATES OF AMERICA      :
                              :
       vs.                    : Criminal No.: 05-324
                              : Judge: Richard J. Leon
                              :Date:05/09/07 2:30p.m.-Sentencing
TRACEY McGUIRE                :
                              :
       Defendant              :
```

### MEMORANDUM (SUPPLEMENTAL) IN AID OF SENTENCING

COMES NOW, the Defendant, Tracey McGuire, by and through her attorney, JAMES N. PAPIRMEISTER, Esquire of the Law Offices of James N. Papirmeister, Esq., and in further aid of sentencing in this case, submits the following:

### <u>CARSWELL</u> VERSUS LOCAL CARE PROVIDED AS PART OF A HOME DETENTION SENTENCE

As stated by the undersigned during the chambers conference on the status hearing date of April 27, 2007, with the Court and counsel for the parties present, Dr. Greenwood wished to further update the Court and all concerned parties as to additional significant differences between the treatment available at <u>Carswell</u>, versus what would be available to Tracy McGuire locally. We respectfully ask that the Court consider the attached report dated April 28. 2007 from Dr. Laurence Greenwood, M.D., and the additional attached documentation from "The Center for Posttraumatic & Dissociative Disorders Program"(the Center), affiliated with the Psychiatric Institute of Washington(PIW). This

1

is a nationally prominent and specialized program created by leaders in the psychiatric community who specialize in the treatment of these disorders, from which Ms. McGuire severely suffers. Because of Dr. Greenwood's affiliation with PIW, and Tracey's condition and her previous attendance at the Center, she can receive this specialized and much needed treatment over the course of her ongoing treatment at the Care Connection and with Dr. Greenwood, if she receives a sentence of probation with home detention.

Tracey McGuire intends to call Dr. Laurence Greenwood as a witness in support of her grounds for a departure or guidelines variance in this case. The Court and the Government have Dr. Greenwood's curriculum vitae as well as his August 2, 2006, October 5, 2006, April 7, 2007 and the attached April 28, 2007 reports. (See Tracey McGuire's original Departure/Variance & Sentencing Memorandum). Ms. McGuire may decide to simply have Dr. Greenwood address specific issues as they come up during the sentencing hearing so as to obviate the need for a rehashing of the information in the voluminous documentation in the possession the Court and the Government.

**RESPONSE TO GOVERNMENT'S SUPPLEMENT TO PREVIOUS MEMORANDA**

The Government ignores the main issue in the case. When it quotes from USSG §5H1.3 about how mental and emotional conditions are not ordinarily relevant in determining if a departure is

warranted, it neglects to set out the exceptions that are often repeated in the guidelines provisions, commentary and policy statements. Those exceptions are essentially characterized as specifying that mental and emotional conditions(§5H1.3), physical conditions(§5H1.4), a multiple circumstances combination of both(§5K2.0), or family ties and responsibilities (§5H1.6) are indeed relevant to a guidelines sentence, and can be the basis of a departure, in exceptional cases. The Government is simply hard-pressed to argue that Tracey McGuire and this case present as anything but exceptional.

The Government does not deny or dispute the existence of Ms. McGuire's extraordinary health issues. It simply argues for a ritualistic and mechanized application of the guidelines without any consideration of the evidence that incarcerating this particular lady may realistically result in her death.

Keep in mind, the guidelines departures at issue in this case are only part of the analysis. Even though we submit that a traditional guidelines analysis, including consideration of the downward departures at issue, can safely lead the Court to a probationary sentence in this case, a post-Booker §3553(a) analysis provides an additional avenue to the same destination.

A sentence of probation with home detention is not actually "what the Doctor ordered" in Tracey McGuire's case.

> The prospect of it stimulates intense, uncontrolled intrusive recollections of the year she spent with her uncle in 9th grade. He sexually abused her, and she has always feared confined spaces since then because she felt trapped in the home with him.

(Report of Dr. Laurence Greenwood, M.D., April 28, 2007). Nevertheless, in contemplation of being incarcerated, it is by far the lesser of evils. Home Detention is not going to be a walk in the park for Tracey McGuire, but a serious, difficult, and highly punitive measure in her condition.

What the Government's response fails to acknowledge is that §3553(a) mandates the Court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth…" in the statute. (See both Tracey McGuire's original Sentencing Memorandum as well as the Government's recent supplement, and the statute itself for these purposes of sentencing). To incarcerate Tracey McGuire with the evidence of her deplorable physical and mental health as it is, is truly "greater than necessary" to achieve the purposes of sentencing as mandated by Congress. It is overkill.

>Respectfully Submitted,
>
>_____/s/_____
>JAMES N. PAPIRMEISTER, ESQUIRE
>ATTORNEY FOR DEFENDANT
>DC BAR NO.: 421-366
>8630 Fenton Street, Suite 320
>Silver Spring, Maryland 20910
>(301) 589-2100

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of May, 2007, I filed on ECF a copy of the foregoing Memorandum in Aid of Status Hearing, and made available to Assistant United State's Attorney, Daniel P. Butler at 555 Fourth Street, NW, Room 5231, Washington DC, 20530.

>_____/s/_____
>JAMES N. PAPIRMEISTER, ESQUIRE
>**ATTORNEY FOR DEFENDANT**

4