UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 05-324 (RJL) |
| | : | |
| v. | : | |
| | : | |
| TRACEY MCGUIRE, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORANDUM
(SUPPLEMENTAL) IN AID OF SENTENCING (DOCUMENT 27)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, herewith responds to defendant Tracey McGuire's memorandum (supplemental) in aid of sentencing (hereinafter "Defendant's Memorandum"). In particular, the United States responds briefly, as discussed below, to two arguments of defendant.

**A. DISCUSSION**

Defendant, in her memorandum, asserts that her situation is so exceptional that it warrants the Court going outside the usual United States Sentencing Guidelines (hereinafter "USSG") applicable range. Defendant's Memorandum, at 2-3. What defendant's argument is missing, however, is an understanding that, for the Bureau of Prisons (hereinafter "BOP"), her situation, with all due respect, is not that exceptional. By the nature of the work that it does, BOP sees many people who are in very poor health, both mentally and physically. Specifically, as to the mental health issues, as stated in the report previously provided to the Court and defense counsel by BOP (hereinafter "BOP Report"):

> Attendant to the Mental Health Inpatient Unit is a Mental Health Seclusion Unit. This 24-bed unit contains individual cells for the intensive care of acutely psychotic, confused, and suicidal inmates, as well as housing for mental health designated inmates who may be placed in disciplinary segregation or administrative detention. This unit also contains suicide watch rooms, where inmates are directly observed

>continuously by suicide watch companions and concurrently monitored by video at the unit's nursing station and the officer's station. Pursuant to JCAHO standards, patients in psychiatric seclusion status are also continuously monitored by video. FMC Carswell conducted more than 100 suicide watches during 2006.

BOP Report, at 3. As can be seen from the above-discussion, FMC Carswell has extensive experience in treating and supervising individuals like defendant and is "fully capable" of doing so. *Id.*, at 5. Defendant's situation, although unfortunate, is not exceptional for a facility like FMC Carswell.

Second, in support of her argument, defendant quotes the language from 18 U.S.C. § 3553(a) that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." *See* Defendant's Memorandum, at 4. The purposes include the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public, and to provide the defendant with needed services. 18 U.S.C. § 353(a)(2).

Despite quoting this language, defendant has only addressed the last of these factors, that is, what services might be needed by defendant. In other words, her sole focus is on her own personal well-being, not the other purposes of sentencing set forth in the statute.

As stated above and in the earlier government sentencing memoranda, FMC Carswell is "fully capable" of providing defendant with the services she needs. Going beyond her needs to the other factors set forth above, a sentence within the applicable USSG range, that is 18-24 months, at FMC Carswell, as discussed in the prior government memoranda, would serve as well those

2

purposes, that is, respect for law, punishment, deterrence, and protecting the public. In that a USSG sentence at FMC Carswell would serve all of the purposes of sentencing as set forth by Congress, such a sentence would be the appropriate one in this case.

### B.  CONCLUSION

For the foregoing reasons, as well as those set forth in the Government's Memorandum in Aid of Sentencing, Government's Response to Defendant's Memorandum in Aid of Status Hearing, and any that may be presented at a hearing on this matter, the government requests that the Court sentence defendant under the applicable USSG range of 18-24 months, but that she be sentenced at the low end of that range. For the reasons stated in the BOP Report, the government respectfully requests that the Court recommend defendant's placement at FMC Carswell. Finally, the government requests that the Court order defendant to pay the restitution called for in the plea agreement.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
Bar No. 498610


/ s /

DANIEL P. BUTLER
Assistant United States Attorney
Bar No. 417718
555 4th Street, NW,  Room 5231
Washington, D.C.  20530
(202) 353-9431
Daniel.Butler@USDOJ.Gov